IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| LAMORRIS CARR, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO. |
| v. | ) | |
| | ) | |
| CHARLES DAVID FREEMAN, an individual; and R J EXPERT INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW defendant R J Expert Inc. ("RJE"), by way of special appearance, without waiving and specifically reserving all jurisdictional defenses, and, pursuant to 28 U.S.C. §§ 1441 and 1446, files this notice of removal within the time prescribed by law, showing the Court:

1.

On April 10, 2024, plaintiff filed a complaint in the State Court of Troup County, Georgia, Civil Action File No. 24-CS-196, which county is within the Newnan Division of the Northern District of Georgia.

2.

This notice of removal is filed within the time period prescribed by 28 U.S.C. § 1446(b).

3.

Plaintiff purportedly served Mr. Freeman through the Georgia Secretary of State on April 11, 2024; plaintiff purportedly served RJE on May 6, 2024; and defendants timely-filed an answer in the State Court of Troup County on May 10, 2024.

4.

A true and correct copy of all process, pleadings, and orders filed in connection with this action is attached hereto as Exhibit A.  RJE has no knowledge of any other process, pleadings, or orders served in connection with this action, other than those attached hereto.

5.

This Court has original jurisdiction over the above-referenced case under 28 U.S.C. § 1332.

6.

There is complete diversity among the parties.

7.

Plaintiff is a resident and citizen of Tennessee.  (Compl., ¶ 1.)

8.

Mr. Freeman is not a resident or Citizen of Georgia; rather, upon information and belief, he is resident and citizen of California.  (*See* Georgia Motor Vehicle Crash Report, a true and correct copy of which is attached as Exhibit B.)  Mr. Freeman consents to the removal of this action.

9.

RJE is a California corporation with its principal place of business located in California.[1]  (Compl. ¶ 4.)  Accordingly, RJE is a citizen of California for diversity purposes.  28 U.S.C. § 1332(c)(1).

6.

RJE makes a plausible allegation that plaintiff seeks recovery in an amount in excess of $75,000, exclusive of interest and costs.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014).  Specifically, plaintiff seeks general and special damages for personal injuries, including past medical expenses of $216,376.83,[2] future medical expenses, past and future physical and mental pain and

---

[1] RJE has since relocated its principal place of business to Kentucky and, to the extent relevant to this removal, may also be considered a citizen of Kentucky for diversity purposes. 28 U.S.C. § 1332(c)(1). (*See* Federal Motor Carrier Safety Administration SAFER, *Company Snapshot*, a true and correct copy of which is attached as Exhibit C.)

suffering, and all other damages allowable under Georgia law. (Compl., ¶ 32.) *See Lucas v. USAA Casualty Ins. Co.*, 716 F. App'x 866, 867 n.1 (11th Cir. 2017) (plaintiff's pre-suit demand in excess of $75,000 satisfied amount-in-controversy requirement); *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 865 (11th Cir. 2008) (same).

10.

The undersigned has read this notice of removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, this notice of removal having been filed, said action shall proceed in the United States District Court for the Northern District of Georgia, Newnan Division, and no further proceedings shall be held in said case in the State Court of Troup County.

(signature on next page)

---

[2] This amount and supporting records are set forth in plaintiff's pre-suit settlement demand seeking $2,500,000; the demand is not attached but will be provided upon request.

-5-

        STONE KALFUS LLP

        */s/ Matthew P. Stone*
        Matthew P. Stone
        Georgia Bar No. 684513
        Shawn N. Kalfus
        Georgia Bar No. 406227
        Ané O. Wanliss
        Georgia Bar No. 467982
        Attorneys for Defendants

One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)
matt.stone@stonekalfus.com
shawn.kalfus@stonekalfus.com
ane.wanliss@stonekalfus.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served the foregoing *Notice of Removal* to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants. Counsel of record is:

> Garrett R. Greiner, Esq.
> Gannam, Gnann & Steinmetz, LLC
> 425 E. President Street
> Savannah, GA 31401

This 4th day of June, 2024.

> /s/ Matthew P. Stone
> Matthew P. Stone
> Georgia Bar No. 684513

STONE KALFUS LLP
One Midtown Plaza
1360 Peachtree Street NE
Suite 1250
Atlanta, GA 30309
(404) 736-2600 (telephone)
(877) 736-2601 (facsimile)