IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

LAMORRIS CARR,

    Plaintiff,

v.

CHARLES DAVID FREEMAN
and R J EXPERT INC.,

    Defendants.

CIVIL ACTION FILE

NUMBER 3:24-cv-104-TCB

# **O R D E R**

This case comes before the Court on Defendants' motion [13] for summary judgment.

## I.    Background

On April 12, 2022, Defendant Charles David Freeman, an employee of R J Expert Inc. ("RJE"), parked RJE's tractor-trailer on an I-85 southbound entrance ramp in Troup County, Georgia. Plaintiff Lamorris Carr subsequently ran his vehicle into the back of the parked tractor-trailer as he was attempting to get on I-85. He claims that he suffered personal injuries and damages because of this incident.

On April 12, 2024, Carr filed this lawsuit in the State Court of Troup County. Defendants timely removed the case to this Court. Carr brings claims of (1) negligence against Defendant Freeman; (2) vicarious liability against RJE; and (3) negligent hiring, training, retention, and supervision against RJE.

On September 18, Carr's counsel moved to withdraw as counsel, and the Court granted [11] that request.

On January 8, 2025, Defendants filed their motion for summary judgment. Despite the Clerk mailing a notice reminding Carr to file a response and warning him of the consequences of not responding, Carr has failed to do so.

## II.   Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a "genuine" dispute as to a material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In making this

determination, "a court may not weigh conflicting evidence or make credibility determinations of its own." *Id.* (citation omitted). Instead, the court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Id.* (citation omitted).

"The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the nonmoving party would have the burden of proof at trial, there are two ways for the moving party to satisfy this initial burden. *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437–38 (11th Cir. 1991). The first is to produce "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.* at 1438 (citing *Celotex Corp.*, 477 U.S. at 331). The second is to show that "there is an absence of evidence to support the nonmoving party's case." *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

If the moving party satisfies its burden by either method, the burden shifts to the nonmoving party to show that a genuine issue remains for trial. *Id.* (citations omitted). At this point, the nonmoving

party must "'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995) (per curiam) (quoting *Celotex Corp.*, 477 U.S. at 324).

### III. Discussion

Even though Carr has not responded to Defendants' motion, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *Hurst v. Youngelson*, 354 F. Supp. 3d 1362, 1382 (N.D. Ga. 2019) (quoting *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004)). In doing so, the Court "must make sure that the order is supported at least by the evidentiary materials submitted in support of the order." *Id.* (citation omitted).

Here, the Court is satisfied that summary judgment for Defendants is warranted based on the merits of their motion.

First, summary judgment on Carr's negligence claim will be granted to Freeman.

In Carr's complaint, he alleges that Freeman "owed a duty of care to the motoring public in general, and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent Rule of the Road for the State of Georgia." [1-1] at 2. But there is no evidence that Freeman acted negligently by parking unreasonably or unlawfully. In fact, the evidence demonstrates just the opposite: the investigating officer of the Georgia State Patrol, Trooper Nunn, determined that Carr "failed to maintain [his] lane and struck the rear of the tractor trailer" and that "[t]here were no 'no parking' signs posted anywhere," indicating that Freeman's parking of the vehicle was not unreasonable. *See* [13-1] at 17.

Carr has not come forward with any evidence supporting his claims that Freeman breached a duty relating to how he parked his vehicle. Accordingly, Defendants are entitled to summary judgment on Carr's negligence claim.

Because there is no evidence that Freeman was negligent, Carr's vicarious liability claim against RJE fails as a matter of law, and the Court will grant Defendants' motion for summary judgment on that claim as well.

Lastly, Defendants are entitled to summary judgment on Carr's negligent hiring, training, retention, and supervision claim. The undisputed evidence is that RJE exercised due care in hiring and employing Freeman by verifying his employment history, requiring him to complete an employment application, completing a background investigation on him, and reviewing a motor vehicle report on his driving history. Further, RJE required Freeman to perform a road test, which Freeman successfully completed. *See* [13-2] at ¶ 5.

Carr has presented no evidence demonstrating that RJE conducted deficient training or supervision of Freeman. Accordingly, summary judgment will be granted on this claim as well.

## IV. Conclusion

For the above reasons, Defendants' motion [13] for summary judgment is granted. This Clerk is directed to close this case.

IT IS SO ORDERED this 2nd day of April, 2025.

_____
Timothy C. Batten, Sr.
Chief United States District Judge